On the Merits.
On November 5, 1803, plaintiff and the defendant entered into a contract of lease of a building known as “Wenger’s Theater,” for the term of five years, commencing September 1, 1904, at a yearly rental of $10,000, payable monthly. It was stipulated that the building should be remodeled at a cost of $25,000 or more, and to be turned over to the lessee on September 1, 1904. It'was further stipulated that the lessee should lend to the lessor the sum of $15,000, in installments of $2,500, to be evidenced Dy notes bearing 6 per cent, interest, payable semiannually, which were to be returned to the lessor in lieu of rent for the last 18 months of the lease. The first three loans were made and notes given as per contract. These are the notes sued on. The other three loans were not made. The building was not completed on September 1, 1904, and the defendant was put in default by the plaintiff’s written demand for possession. The building was not completed until the latter part of October, 1904, when defendant took possession and opened a theater business for himself and associates. The second year the theater was leased for $12,500, and defendant admits that he has entered into- a contract with the Shuberts for five years commencing in 1906. It is not very clear that the plaintiff was put in default in the matter of the three loans by a demand for the money, accompanied by a tender of the notes. Only two of these loans were exigible prior to September 1, 1904, on which date the defendant was put in default by a demand for delivery of possession. Conceding that plaintiff was in default as to two of the loans, the defendant himself was also in default by reason of the noncompletion of the theater. .The defendant by taking possession of the premises for his own account and by leasing the same as owner for a long time has rendered it impossible to restore the situation. Both parties seem to have elected to treat the lease as no longer operative. The notes sued on cannot be paid in 'the manner stipulated in the contract of lease; that is, by the occupancy of the property. Moreover, the plea of prematurity is cut off by the judgment of default.
Judgment affirmed.
MONROE, J. I concur in the decree.
See dissenting opinion of PROVOSTY, J.,,, 43 South. 634.